IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
Martinsburg

**FILIBERTO AVALOS**,

        Petitioner,

v.                                                       **Civil Action No. 3:23-CV-10**
                                                                     Judge Bailey

**WARDEN BROWN**,

        Respondent.

## ORDER GRANTING MOTION TO DISMISS

Pending before this Court is the respondent's Motion to Dismiss Petition and Memorandum in Support [Doc. 18], filed March 31, 2023. A notice under ***Roseboro v. Garrison***, 528 F.2d 309 (4th Cir. 1975) was issued on April 3, 2023 [Doc. 19], granting the petitioner 21 days to respond to the Motion. The petitioner received that notice on April 6, 2023 [Doc. 20]. No response has been received.

In Mr. Avalos' petition, he asks this Court to reduce his sentence due to the hardship of being incarcerated during the COVID-19 pandemic [Doc. 1].

Mr. Avalos is a Federal inmate serving his sentences at FCI Gilmer, West Virginia. He is serving a sentence of 121 months imposed by the Eastern District of Missouri for possession with intent to distribute cocaine and in excess of one kilogram of heroin, and a concurrent sentence of 120 months imposed by the District of Kansas. His projected release date is April 19, 2027.

This Court is of the opinion that it lacks jurisdiction to grant the relief that Mr. Avalos seeks.  He cites no statuory or regulatory under which this Court may grant such relief.

According to 18 U.S.C. § 3582(c)(1)(A):

The Court may not modify a term of imprisonment once it has been imposed except that–

(1) in any case –

> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the Warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment ... after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that –
>
> (i) extraordinary and compelling reasons warrant such a reduction[.]

Such a request must be brought in the sentencing district.  "[C]ourts in this Circuit and elsewhere have consistently found that such a request must instead be brought in the sentencing court. *See, e.g.,* **Robinson v. Wilson**, 2017 WL 5586981, at *5 (S.D. W.Va. Sept. 26, 2017) (Eifert, M.J.) ('Like a § 2255 motion, a § 3582 motion must be filed in the movant's underlying criminal action and be addressed by the sentencing court.'), *report and recommendation adopted*, 2017 WL 5586272 (S.D. W.Va. Nov. 20, 2017) (Faber, J.);

*Deffenbaugh v. Sullivan*, 2019 WL 1779573, at *2 (E.D. N.C. Apr. 23, 2019) (Flanagan, J.) ('If petitioner now seeks to file his own motion for compassionate release, such a motion must be filed in the sentencing court.'); *Allah v. Fed. Bureau of Prisons Dir.*, 2016 WL 5868093, at *4 (D.S.C. Sept. 12, 2016) (Marchant, M.J.) (same) (collecting cases), *report and recommendation adopted*, 2016 WL 5851936 (D.S.C. Oct. 6, 2016) (Hendricks, J.); *Himmel v. Upton*, 2019 WL 1112923, at *2 n.6 (N.D. Tex. Mar. 11, 2019) ('[A]ny motion for compassionate release under the newly amended provision of 18 U.S.C. § 3582(c)(1)(A) should be filed in the sentencing court.'); *Braswell v. Gallegos*, 82 F. App'x 633, 635 (10th Cir. 2003) ('Because a motion filed under § 3582 requests modification of a sentence, it follows that such a motion must be filed in the district court which imposed the sentence.')." *Cummins v. Adams*, 2020 WL 11420668, at *2 (N.D. W.Va. Aug. 5, 2020), *report and recommendation adopted,* No. 1:20-CV-151, 2021 WL 4448932 (N.D. W.Va. Sept. 28, 2021) (Kleeh, J.).

"'Under § 404(b) of the [FSA 2018], sentencing courts may impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 were in effect at the time [a] covered offense was committed.' *United States v. McDonald*, 986 F.3d 402, 408-09 (4th Cir. 2021) (cleaned up)." *United States v. Young*, 2023 WL 314156, at *1 (4th Cir. Jan. 19, 2023).

This Court has found that requests for sentence reductions must be brought in the sentencing district. "18 U.S.C. § 3582(c)(1)(A)(I) allows district courts to consider prisoner motions for sentence reduction upon a finding of 'extraordinary and compelling reasons.'

3

However, it is clear that the petitioner is unable to proceed under this mechanism in a § 2241 in this district, because courts in this Circuit and elsewhere have consistently found that such a request must instead be brought in the sentencing court." ***Lewis v. SFF Hazleton***, 2020 WL 7249037, at *2 (N.D. W.Va. Dec. 9, 2020) (Bailey, J.).

In this case, Mr. Avalos is currently serving concurrent sentences imposed by the U.S. District Court for the District of Kansas and the Eastern District of Missouri. Petitioner's relief, if any, therefore, lies in those districts.

For the reasons stated above, respondent's Motion to Dismiss Petition and Memorandum in Support [**Doc. 18**] is **GRANTED** and Mr. Avalos' Petition for Habeas Corpus Pursuant to 28 U.S.C. § 2241 [**Doc. 1**] is **DISMISSED**. The Clerk is hereby **DIRECTED** to **STRIKE** the above-styled case from the active docket of this Court.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to all counsel of record herein and to mail a copy to the *pro se* petitioner.

**DATED:** May 1, 2023.

JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE